Filed 9/6/13  P. v. Nicoll CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C071815 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR81054) |
| v. | |
| CHRISTINA RENEE NICOLL, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 2, 2011, around 11:00 p.m., defendant Christina Renee Nicoll became angry with her husband after he came home intoxicated.  They first argued inside

1

the house, where several items were broken and defendant threw her husband's clothes on the front steps. The argument then moved outside, where defendant threw a rock at her husband, striking him in the forehead. Defendant then got into her car and drove toward where her husband was standing, causing him to jump out of the way. Next, she rammed her husband's truck, causing her car to become stuck underneath the truck. Defendant showed signs of being under the influence of drugs, including displaying rapid eye movement, dilated pupils that did not react to light, rapid pulse, and quickly changing moods. She had also urinated in her pants.

Defendant pleaded guilty to corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)) and driving under the influence of drugs or alcohol (Veh. Code, § 23152, subd. (a)), and was placed on three years' formal probation.

Defendant subsequently admitted violating her probation by smoking methamphetamine. The trial court revoked probation, sentenced defendant to three years in state prison and awarded 245 days of presentence credit (147 actual and 98 conduct). The trial court subsequently amended the award of presentence credits to 294 days (147 actual and 147 conduct).

Defendant obtained a certificate of probable cause (Pen. Code, § 1237.5) and appeals.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                    _____MURRAY_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____HOCH_____, J.

3